IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUDREY J., § § Plaintiff, § § v. § § KILOLO KIJAKAZI, § ACTING COMMISSIONER OF § SOCIAL SECURITY, § § Defendant. § | No. 3:20-cv-03081-G-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Audrey J.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 5). For the reasons explained below, the District Court should AFFIRM the Commissioner's decision.

## Background

Plaintiff alleges she is disabled due to a variety of impairments, including problems with her back, knees, and feet, osteoarthritis, neuropathy, obesity,

---

[1] The Court uses only Plaintiff's first name and initials as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

chronic pain, and depression. Admin. R. 42, 89 (ECF No. 20); Pl.'s Br. 4 (ECF No. 23). She was born in 1965 and was 53 years old on April 10, 2018, her amended alleged disability onset date.[2] Admin. R. at 24. Plaintiff has a high school diploma and can communicate in English. *Id.* at 1584. She has past work experience as a food service worker, document specialist, and production assembler. *Id.* at 29.

In March 2019, Plaintiff applied to Social Security for disability insurance benefits.[3] *Id.* at 192. After her application for disability benefits was denied initially and upon reconsideration by the Commissioner, Plaintiff requested a hearing before an administrative law judge (ALJ) to determine whether she is disabled. *Id.* at 17. The hearing took place in Dallas, Texas on February 11, 2020. *Id.*

The ALJ determined that Plaintiff was not disabled and therefore not entitled to disability benefits. *Id.* at 18. At step one of the five-step sequential evaluation,[4] the ALJ found Plaintiff worked as a customer service representative at

---

[2] Plaintiff amended her alleged disability onset date from March 13, 2018 to April 10, 2018, after the Commissioner issued an unfavorable decision on a prior application. *See* Admin. R. at 41.

[3] Plaintiff also applied for supplemental security income benefits in 2020, *see* Admin. R. at 17, but the Commissioner's determination of that application was not part of the final decision on appeal here.

[4] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is

the substantial gainful activity level in the fourth quarter of 2018, but she has not otherwise engaged in substantial gainful activity since her amended alleged disability onset date. *Id.* at 19.

At steps two and three, the ALJ found that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee, obesity, osteoarthritis and hallux valgus of the feet, a bipolar disorder, and a personality disorder, but Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 19-23. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a limited range of light work. *Id.* at 23. The ALJ found Plaintiff is limited in that she can occasionally climb ramps and stairs but can never climb ropes, ladders, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; understand, remember, and carry out detailed but not complex instructions and use appropriate judgment to make detailed work-related decisions; and maintain attention and concentration to perform detailed tasks and adapt to the routine changes that accompany detailed work. *Id.*

---

other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

Relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff can perform her past relevant work as a food service worker (as actually performed at the light exertional level), document specialist (as generally and actually performed at the light exertional level), and production assembler (as generally performed at the light exertional level). *Id.* at 28. Therefore, the ALJ determined Plaintiff was not disabled. *Id.* at 30.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 6. The Council denied review. *Id.* at 6. Plaintiff then filed this action in federal district court, in which she contends the ALJ erred in finding her not disabled. Plaintiff argues that the ALJ's disability determination and denial of benefits is not supported by substantial evidence. Pl.'s Br. 4.

**Legal Standards**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)) (citation and internal quotation marks omitted)).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support the administrative decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Plaintiff contends substantial evidence does not support the ALJ's determination that Plaintiff can perform her past relevant work because: (1) the ALJ erred by not articulating Plaintiff's retained function-by-function exertional limitations in the RFC determination; and (2) the VE's testimony did not properly account for Plaintiff's limitations based on Plaintiff's description of her past work.

1. *The ALJ's failure to articulate some of Plaintiff's retained function-by-function exertional limitations did not prejudice Plaintiff.*

The ALJ determined Plaintiff had the RFC "to perform and maintain light work *as defined in 20 CFR 404.1567(b)*." Admin. R. 23 (emphasis added). Section 404.1567 defines "light work" as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Light work also may require "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls. *Id.* The ALJ further determined Plaintiff had additional exertional limitations, including "that she can occasionally climb ramps and stairs

5

but can never claim ropes, ladders, or scaffolds; [and] can occasionally balance, stoop, kneel, crouch, and crawl." *Id.*

The RFC is an assessment, based on all of the relevant evidence, of a plaintiff's ability to do work on a sustained basis in an ordinary work setting despite her impairments. 20 C.F.R. §§ 404.1545, 416.945; *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). The RFC assessment must identify the plaintiff's functional limitations and assess the plaintiff's work-related abilities on a function-by-function basis. SSR 96-8P, 1996 WL 374184, *1. The RFC involves both exertional and nonexertional factors. Exertional capacity involves seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling. *Id.* at *5. "Each function must be considered separately." *Id.*

In this case, the ALJ devoted several pages of his written decision to describing Plaintiff's exertional limitations. Admin. R. at 23-28. Among other things, the ALJ examined Plaintiff's allegations that her problems with walking, sitting, and standing were disabling. *Id.* at 26-28. The ALJ found that Plaintiff's allegations were not consistent with the medical evidence of record, her prior work activities, or her activities of daily living; and he found that Plaintiff's impairments could be accommodated by restricting her to light work. *Id.* The ALJ concluded "[g]reater restrictions are not warranted given the relatively mild findings on imaging studies (especially of the feet), the relative paucity of treatment for the physical conditions, and the conservative nature of the treatment that the claimant has had." *Id.* at 28.

Plaintiff contends that the ALJ's analysis was deficient because he generally referred to Plaintiff's ability to satisfy the requirements of "light work," as defined by the Social Security regulations, and failed to make specific findings regarding her ability to sit, stand, walk, lift, carry, push, or pull. *See* Pl.'s Br. 17-18. The Court agrees that, in failing to make specific findings, the ALJ did not strictly comply with the procedural requirements of SSR 96–8p. *See McMillian v. Colvin*, 2014 WL 61172, at *10 (N.D. Tex. Jan. 6, 2014) (McBryde, J.); *Gallegos v. Astrue*, 2012 WL 6522746, at *7 (N.D. Tex. Aug. 1, 2012) (Toliver, J.), *rec. adopted*, 2012 WL 6553526 (N.D. Tex. Dec. 13, 2012) (O'Connor, J.). However, the Court will not overturn a procedurally imperfect administrative ruling unless the substantive rights of a party have been prejudiced. *Gonzalez v. Colvin*, 2016 WL 107843, at *3 (N.D. Tex. Jan. 11, 2016) (Fitzwater, J.). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err. *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

Here, Plaintiff was not prejudiced by the ALJ's failure to make specific findings under SSR 96–8p. *See, e.g.*, *Gallegos*, 2012 WL 6522746, at *7. The ALJ based his determination that Plaintiff could perform light work, including some of her past relevant work, on the VE's testimony at the hearing. The ALJ presented the VE with at least one hypothetical that matched the ALJ's RFC determination that Plaintiff could do light work, but could only occasionally balance, stoop, kneel, crouch, and crawl. Admin. R. 65-70. In response to the ALJ's hypothetical, the VE testified Plaintiff could perform some of her past relevant work based on the

7

Dictionary of Occupational Titles (DOT) and Plaintiff's descriptions of her past work as performed. *Id.*

Specifically, the VE testified that Plaintiff's past work included jobs as: (1) a food service worker, DOT #319.677-014, which requires work at the medium exertional level, as generally performed, but which Plaintiff actually performed at the light level; (2) a document specialist, DOT #249.587-018, which requires work at the sedentary level, as generally performed, but which Plaintiff performed at the light level; and (3) a production assembler, DOT #706.687-010, which requires work at the light level, as generally performed, but which Plaintiff performed at the medium level. Admin. R. at 66. The VE further opined that Plaintiff could perform her past work as a food service worker and as a document specialist as Plaintiff actually performed those jobs at the light exertional level. *Id.* But in Plaintiff's descriptions of her past work, *id.* at 266-78, both jobs required varying amounts of standing, walking, sitting, lifting, carrying, pushing, and pulling that were not specifically addressed by the ALJ's hypothetical to the VE at the hearing. Therefore, the ALJ's finding that Plaintiff could perform her past work as a food service worker or as a document specialist as actually performed was not supported by substantial evidence.

The VE also testified that Plaintiff could perform her past relevant work as a production assembler as generally performed; that is, at the light exertional level. Plaintiff does not dispute that the DOT describes the product assembler job as "light in exertion and unskilled with a SVP of 2." Pl.'s Br. 14. Also, the production

8

assembler job "requires stooping and crouching occasionally," which the ALJ addressed in his RFC determination. *Id.* Since Plaintiff does not allege that the production assembler job requires any specific amount of standing, walking, sitting, lifting, carrying, pushing, or pulling that was not addressed by the ALJ's hypothetical to the VE encompassing light work, Plaintiff has not shown prejudice. Thus, even though the ALJ failed to articulate all of Plaintiff's function-by-function exertional limitations, the ALJ's determination that Plaintiff could perform her past relevant work as a production assembler, as generally performed, was supported by substantial evidence.

    2. *Plaintiff failed to preserve whether the VE's testimony properly accounted for Plaintiff's limitations based on her description of her past work.*

Relying on the VE's testimony, Admin R. 65-70, the ALJ determined Plaintiff could perform her past relevant work. *Id.* at 28-30. Considering Plaintiff's descriptions of her past work, *id.* at 266-78, the VE testified that Plaintiff's past work was that of a production assembler. *Id.* at 65-66. Plaintiff did not dispute this testimony at the hearing. The VE also testified a person of Plaintiff's age, education, and work history with the same RFC could perform the job of production assembler as generally performed. *Id.* at 67; *see* U.S. Dep't of Labor, Dictionary of Occupational Titles (DOT) 706.687-010, 1991 WL 679074. Plaintiff did not dispute this testimony at the hearing. The ALJ took notice of Plaintiff's past relevant work, and Plaintiff did not object to this finding.

9

The plaintiff bears the burden of proving she cannot perform her past relevant work. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The ALJ may rely on a VE's testimony provided that the record reflects an adequate basis to do so. *Mercer v. Halter*, 2001 WL 257842, at *7 (N.D. Tex. Mar. 7, 2001) (Bleil, J.). Here, the VE specifically considered Plaintiff's responses in her work history report and testified accordingly. *See* Admin. R. 65-67.

A VE is an expert that is familiar with the specific requirements of a particular occupation, including its working conditions and the attributes and skills needed for it. *See Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). Therefore, it is the plaintiff's "obligation to raise the objection to the vocational expert's classification of [her] past relevant work at the administrative hearing." *Jones v. Saul*, 834 F. App'x 839, 842 (5th Cir. 2020) (citations omitted). Indeed, absent a challenge to its veracity at the administrative level, it is appropriate for the ALJ to rely upon Plaintiff's description of past work. *See Villa v. Sullivan*, 895 F.2d 1019, 1022-23 (5th Cir. 1990). The Court "will not reverse when the [VE's] testimony remains clear and unchallenged." *Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000).

Here, the ALJ took notice of Plaintiff's past relevant work. *See* Admin. R. 65-66. The VE testified about Plaintiff's ability to perform past relevant work as a production assembler. *Id.* at 67-68. And Plaintiff did not object to these findings. *See id.* at 65-70. Therefore, Plaintiff failed to preserve this issue. Accordingly, substantial evidence supports the ALJ determination that Plaintiff can perform her

past relevant work as a production assembler as generally performed and that Plaintiff is therefore not disabled within the meaning of the Social Security Act.

## Recommendation

Because substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act and any error on the part of the ALJ was harmless, the Court should AFFIRM the hearing decision in all respects.

**SO RECOMMENDED.**

August 2, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).